## SPINA v. NEW YORK TRANSP. CO.

(Supreme Court, Appellate Term. November 24, 1905.)

MUNICIPAL CORPORATIONS—USE OF STREETS—ACTIONS FOR DAMAGES—PERSONAL
    INJURIES—EVIDENCE—SUFFICIENCY.

In an action for injuries from being struck by an automobile, evidence *held* sufficient to support a verdict for plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Gabriele Spina against the New York Transportation Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Arthur K. Wing, for appellant.

Lawrence W. Trowbridge, for respondent.

MacLEAN, J. The plaintiff, as father, brought this action to recover for loss of services of his minor son, who was injured by collision with an automobile of the defendant at Eighteenth street and Fifth avenue. The son testified that he was going north on the left side; that he looked east, but did not observe any wagons; and that he had taken three steps into Eighteenth street, in order to cross, when he was struck by the automobile. He testified that he did not see the automobile until it struck, and which came south, as testified his witnesses, along the right side of the avenue and swung into Eighteenth street in a westerly direction. The case was fairly presented to the jury, and the judgment entered upon their verdict in favor of the plaintiff may not be disturbed; for it may not, under all the circumstances, be said as matter of law that the boy was, or the defendant was not, at fault.

Judgment affirmed, with costs. All concur.

---

(48 Misc. Rep. 524)

## MULLER v. MANHATTAN RY. CO.

(Supreme Court, Appellate Term. November 24, 1905.)

CARRIERS—STREET RAILROADS—INJURY TO PASSENGER—NEGLIGENCE.

A street railway company is not liable for negligent injury to a passenger, who left his seat before the car stopped, preparatory to alighting, and, placing his hand on the door jamb, was injured by the slamming of the door through the sudden stop of the car; it not appearing that there was any excessive or unusual jolt in the stopping.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1223.]

Appeal from City Court of New York, Trial Term.

Action by Carl Muller against the Manhattan Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Charles A. Gardiner (Merrill W. Gallaway, of counsel), for appellant.

Adolph Block and William L. Mathot, for respondent.

SCOTT, P. J. The defendant's motion to dismiss the complaint should have been granted. The plaintiff, traveling in one of defendant's cars, wished to alight at Forty-Second street. As the train approached that street, the conductor announced it, and plaintiff arose and went to the door, preparatory to alighting when the train should stop. He put his hand on the jam of the doorway, and, as he says, "through the sudden stop of the train I bruised my hand when the door slammed." This is the only evidence as to how the accident came to happen. No reason is given why the plaintiff should have put his hand on the door jamb, and there is nothing in the case to show that there was any excessive or unusual jolt or jerk in the stopping of the train. The car was equipped with a safety catch to hold the door, and the conductor testified that he had caught the door back before the train stopped. The mere characterization of the stop as "sudden" is not sufficient to justify the couclusion that it was unusual, or anything more than is necessarily attendant upon stopping a train. In our view there was no proof of negligence on defendant's part justifying the submission of the case to the jury.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

GILDERSLEEVE, J., concurs. MacLEAN, J., taking no part.