### GILLMORE v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term. May 7, 1909.)

CARRIERS (§ 318*)—INJURIES TO PASSENGERS—DEFECTIVE DOOR—NEGLIGENCE—EVIDENCE.

In an action for injuries to a passenger by the car door slamming on his finger, evidence *held* insufficient to establish defendant's negligence charged, consisting of a defect in the door.

. [Ed. Note.—For other cases, see Carriers, Dec. Dig. § 318.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Action by Eugene F. Gillmore, by Harry Gillmore, his guardian ad litem, against the Interborough Rapid Transit Company. From a Municipal Court judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

James L. Quackenbush (Joseph H. Adams, of counsel), for appellant.

Nathan Friedman, for respondent.

PER CURIAM. Plaintiff was a passenger upon a north-bound Sixth Avenue elevated train. At Fourteenth street he went to the door of the car, which he testifies was already open. He did not see who opened it. He testified:

"I was just about going out, when the car stopped suddenly, and I had to grab on the jamb of the door. As I grabbed the jamb, the door loosened its fastening from underneath, and the door slammed, and I had my finger there, and the finger was jammed."

The plaintiff was uncorroborated, and this is the only evidence of negligence on the part of defendant in the case. Such testimony has already been held inadequate by this court. Muller v. Man. Ry. Co., 48 Misc. Rep. 524, 96 N. Y. Supp. 270; Needham v. Int. R. T. Co., 48 Misc. Rep. 522, 95 N. Y. Supp. 561. On the contrary, it was testified by an uninterested witness that he saw plaintiff walk to the door and open it himself. As there is no evidence to support the judgment, it must be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.