(85 Misc. Rep. 366)

RODRIGUEZ v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

CARRIERS (§ 316*)—PERSONAL INJURIES—RES IPSA LOQUITUR.

The mere sudden closing of either a swinging or sliding car door, due to no unusual motion of the train, does not justify the presumption of the carrier's negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1261, 1262, 1283, 1285–1294; Dec. Dig. § 316.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Santiago Rodriguez against the Interborough Rapid Transit Company. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

James L. Quackenbush, of New York City (B. H. Ames, of New York City, of counsel), for appellant.

Joseph J. Jacobs, of New York City, for respondent.

PAGE, J. The plaintiff was a passenger on a south-bound subway train operated by the defendant. As the train neared Fulton street, the plaintiff left his seat and proceeded to the platform. As the train turned a slight curve, the plaintiff lost his balance, and to steady himself placed his hand on the door jamb of the sliding door leading from the platform to the car. Because of the swing of the car in rounding the curve, this door suddenly closed, and crushed the plaintiff's fingers in the jamb. The plaintiff sued for damages resulting from these injuries, and the court gave him judgment for $192, from which judgment defendant appeals.

There was no claim of careless operation of the door, nor of excessive motion of the car at the curve. The plaintiff relied solely upon res ipsa loquitur. This court has held that the mere sudden closing of a car door, due to no unusual motion of the train, does not justify the presumption of negligence on the part of the defendant. Muller v. Manhattan Ry. Co., 48 Misc. Rep. 524, 96 N. Y. Supp. 270; Gilmore v. Interborough R. T. Co., 116 N. Y. Supp. 674.

The respondent attempts to distinguish these cases by reason of the fact that they refer to swinging doors, while the door in the case at bar was a sliding one. But, even though the construction might not be the same, there is no reason for the application of a different rule of law.

Judgment reversed, with costs, and complaint dismissed, with costs.

WHITAKER, J., concurs. GUY, J., concurs in the result.